**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARK LEYSE,

                Plaintiff,

- against -

CORPORATE COLLECTION SERVICES, INC.,

                Defendant.

**OPINION & ORDER**

**03 Civ. 8491 (DAB) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

This action was brought by Plaintiff Mark Leyse against Defendant Corporate Collection Services, Inc., under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA") for alleged violations of the statute by leaving automated, pre-recorded telephone calls to Leyse and others. Both Plaintiff and Defendant filed motions for summary judgment, which were granted in part and denied in part. Plaintiff's motion for summary judgment was granted, and Defendant's denied, under FDCPA sections 1692d(6) and 1692e(11) as well as under 1692e(10) with respect to Messages 1 and 2, and Plaintiff's motion was denied, and Defendant's granted, under section 1692e(10) with respect to Message 3 and class certification. Plaintiff moved for reconsideration of the denial of class certification and additionally argued his right to statutory damages and attorneys' fees under FDCPA. The Court denied the motion for reconsideration but granted statutory damages in the amount of $1000, leaving the award of attorneys' fees as the only outstanding issue in this case. For the reasons below, Plaintiff's counsel is awarded $13,320 in attorneys' fees and $302.30 in costs.

## II. BACKGROUND

The background is set forth in the Court's September 2006 Summary Judgment Memorandum and Order and April 2007 Motion for Reconsideration Memorandum and Order.

## III. DISCUSSION

Having been granted partial summary judgment, and awarded $1000 in statutory damages, Plaintiff's counsel now seeks attorneys' fees and costs in the amount of $32,143 Where the defendant is found liable under FDCPA, the plaintiff will be awarded the "costs of the action, together with a reasonable attorneys' fee as determined by the court." 15 U.S.C.S. 1692k(3). "Where a plaintiff prevails, whether or not he is entitled to an award of actual or statutory damages, he should be awarded costs and reasonable attorneys' fees in amounts to be fixed in the discretion of the court." *Savino v. Computer Credit*, 164 F.3d 81, 87 (2d Cir. 1998) (*citing Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989); *Emanuel v. American Credit Exch.*, 870 F.2d 805, 809 (2d Cir. 1989)). Therefore, Plaintiff's counsel is entitled to attorneys' fees and costs as determined by the discretion of the Court.

Plaintiff's counsel has requested that 1) his hourly rate be set at $225 per hour because of his experience in similar statutory consumer protection cases and ten years of practice; 2) 94.3 hours out of a total of 118.4 hours be counted toward his attorneys' fees; 3) a multiplier of 1.5 be factored into the total because of the novelty and difficulty of the issue and undesirability of the case; and 4) the $250 filing fee and $52.50 service of process fee be factored into the total. Counsel indicates that the total request is $32,143. (Decl. of Todd C. Bank;) (Plf. Reply Mem. of Law at 4;) (Reply Decl. of Todd C. Bank.)

Defendant contests only items 2) and 3), the number of hours claimed and the application

of a multiplier. (Def. Mem. of Law in Opp. to Plf.'s Mot.)

   A.   **Hourly Rate**

Attorneys' fees are calculated using a lodestar figure based upon the number of hours reasonably expended by counsel on the litigation, multiplied by a reasonable hourly rate. *See, e.g.*, *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224 (2d Cir. 2006) (*citing Blanchard v. Bergeron*, 489 U.S. 87 (1989)). Here, Plaintiff's counsel has ten years of practice as an attorney, and experience in similar statutory consumer protection cases. (Decl. of Todd C. Bank.) The Defendant does not contest the $225 per hour rate requested and, considering rates set by the Court for attorneys with experience in FDCPA cases, the Court finds that it is reasonable. (Decl. Of Todd C. Bank at ¶ 2;) (Def. Mem. of Law in Opp. to Plf.'s Mot.) *See Kapor v. Rosenthal*, 269 F. Supp. 2d 408, 415 (S.D.N.Y. 2003) (attorney awarded $225 per hour); *Dowling v. Kucker Kraus & Bruh, LLP*, No. 99 Civ. 11958 (RCC), 2005 WL 1337442 at *8 (S.D.N.Y. Jun. 6, 2005) (attorney awarded $200 per hour).

   B.   **Calculation of Hours**

When applying for fee awards, counsel should include contemporaneously created time records that specify the date, the hours expended, and the nature of the work done. *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1988) (*citing Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12; *Lewis v. Coughlin*, 801 F.2d 570, 577 (2d Cir. 1986); *New York Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983)). Plaintiff's counsel has submitted itemized time sheets which indicate that 118.4 hours, including 6.2 for this application, have been expended in the case. Counsel claims that he deducted 14.1 hours spent working on the unsuccessful class certification motion because he feels his work on that claim

3

was "inadequate." (Decl. of Todd C. Bank;) (Plf. Reply Mem. of Law at 1-2.) Defendant asserts that the time records show that 21.6 hours were spent on the class claims. (Def. Mem. of Law at 7-8.) The discrepancy, however, may only be the result of a typographical error as counsel's original declaration included a request for 88.1 out of 112.2 total hours, or a deduction of 24.1 hours. Based on the Court's review, 24.1 hours is a more accurate reflection of time attributable to the class certification claim as itemized in counsel's time records. *See* (Reply Decl. of Todd C. Bank, Ex. A.)

While the Court does not agree with the broad proposition stated by Defendant that Plaintiff cannot recover for time spent on an unsuccessful claim, the class issues were distinct from the specific claim for relief in Plaintiff's case, and those hours would not have been compensable had counsel left them in the request for fees. *See Hensley,* 461 U.S. at 434-435.

Defendant also argues that Plaintiff's counsel's time records "show vague entries, improper entries and unnecessary entries. (Def.'s Mem. of Law in Opp. to Plf.'s Mot. at 5-8.) Courts have the discretion to deduct "excessive, redundant, or otherwise unnecessary," hours that should have been excluded from the fee award by the prevailing party. *Hensley v. Eckerhart*, 461 U.S. at 434; *New York Association for Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983).

The Court agrees that some time entries made by Plaintiff's counsel are excessive, vague and seemingly unnecessary. For example, Defendant argues, and Plaintiff's counsel does not dispute, 6.5 hours billed to "background research" with no further explanation is vague, that 3.9 hours billed to researching settlement issues seems improper as no settlement discussions were ever initiated by Plaintiff's counsel at any point during the case, and that 7.5 hours billed for brief

4

court conferences seems excessive. (Def.'s Mem. of Law in Opp. to Plf.'s Mot. at 6-8.)

Additionally, the Court notes that counsel admits he was a novice in litigating FDCPA matters leading to an expenditure of more time than necessary on aspects of the case. For example, counsel lists approximately twenty-five hours before the complaint was filed, extra research undertaken to get up to speed on FDCPA law, the class action pleadings, and extra time taken for ordinary tasks such as reading cases. (Plf.'s Reply Decl., Ex. 1.) Based on these inefficiencies, the Court finds that a deduction of 40% of the claimed remaining hours is appropriate. The lodestar amount is therefore $12,735, which represents 56.6 hours (94.3 hours reduced by 40%) at $225 per hour.

**C.** *Johnson* **Factors**

In an application for attorneys' fees, other considerations beyond the lodestar calculation can lead the Court to adjust the award upward or downward to arrive at a reasonable attorneys' fee award. *Hensley*, 461 U.S. at 434. This Court considers the twelve factors set out in the Fifth Circuit's *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974). *See United States Football League v. National Football League*, 887 F.2d 408, 415 (2d Cir. 1989) (*citing Johnson v. Georgia Highway Express* factors and adopting the *Johnson* factors in the Second Circuit), cert. denied, 493 U.S. 1071, 110 S. Ct. 1116, 107 L. Ed. 2d 1022 (1990). The *Johnson* factors are: "(1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the

attorney; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *United States Football League*, 887 F.2d at 415 *(citing Johnson,* 488 F.2d at 717-19).

Plaintiff's counsel contends that his attorneys' fees should be multiplied by 1.5 when the *Johnson* factors of novelty, difficulty of the issue, and undesirability of the case are taken into account. (Decl. of Todd C. Bank at ¶¶ 5-6.)

Courts have held that "[c]ases of first impression generally require more time and effort on the attorneys' part. Although this greater expenditure of time in research and preparation is an investment by counsel in obtaining knowledge which can be used in similar later cases, he should not be penalized for undertaking a case which may 'make new law.' Instead, he should be appropriately compensated for accepting the challenge." *Johnson*, 488 F.2d at 719. To support his contentions of novelty and difficulty, Plaintiff's counsel claims that at the time the case was brought, there was only one case that supported the Plaintiff's claims under the FDCPA and that because this was the first case that he himself had brought of this nature, it was difficult for him. *Id*. ¶ 5. Defendant has not contested Plaintiff's counsel's claims that the case was fairly novel and therefore more difficult than other FDCPA cases. But the Court finds Plaintiff's counsel's claims of difficulty unpersuasive. Plaintiff's counsel has never represented a client for claims specifically related to this statute and a more experienced lawyer may not have found the case as difficult. (Decl. of Todd C. Bank ¶ 5.) Even if this case may have been difficult even for a lawyer experienced in FDCPA cases because of novelty, Plaintiff's counsel does not explain adequately in his brief why that would be the case.

Plaintiff's counsel also claims that the Court should take into account the "undesirability"

of the case when calculating his attorneys' fees. *Id*. ¶ 6. The idea of undesirability as related to attorneys' fees stems from civil rights cases where civil rights attorneys would "face hardships in their communities because of their desire to help the civil rights litigant," including discrimination from the community or contemporaries that would have an economic effect on his practice. *Johnson*, 488 F.2d at 719 (*citing NAACP v. Button*, 371 U.S. 415, 443 (1963); *Sanders v. Russell*, 401 F.2d 241 (5th Cir. 1968)).

Plaintiff's counsel claims that he risked investing substantial amounts of time with no promise of recovery. Additionally, he claims that as a solo practitioner he personally bore the financial risk of losing the case. (Decl. of Todd C. Bank ¶ 6.) The Court finds Plaintiff's counsel's reasoning on the issue of desirability mistaken. Although he may have undertaken the risk of losing money as a solo practitioner, this is something that a solo practitioner must always consider. Moreover, there can be no mistake that taking on an FDCPA case of this nature will not earn a lawyer the enmity of his community and contemporaries. Therefore, undesirability as defined in *Johnson* does not apply to the present matter.

The Court finds that while the case may have been novel in some respects, and therefore more difficult, there was not enough evidence presented to convince the Court to add on a multiplier of 1.5 to Plaintiff's counsel's attorneys' fees.

**D.     Costs**

Plaintiff's attorney requests a payment of $302.50 in costs, which includes the $250 filing fee and $52.50 service of process fee. The Court finds these costs reasonable and awards $302.50 in costs.

## IV. CONCLUSION

In conclusion, the Court finds that Plaintiff's counsel should be awarded attorneys' fees of $12,735 and $302.50 in costs, to be paid within one month of the entry of this Opinion and Order. This Opinion and Order resolves Document Number 41 in the same case.

**SO ORDERED this 19th day of March 2008**
**New York, New York**

*(signature)*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**