UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MARK LEYSE,

               Plaintiff,

          -against-                    03 Civ. 8491 (DAB)
                                              MEMORANDUM & ORDER

CORPORATE COLLECTION SERVICES, INC.,

               Defendant.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

     Plaintiff Mark Leyse ("Leyse" or "Plaintiff") brought this action under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), alleging that Defendant Corporate Collection Services, Inc. ("CCS" or "Defendant") violated provisions of the Fair Debt Collection Act when it placed phone calls "without meaningful disclosure of the caller's identity," and made false or misleading representations for the purpose of collecting outstanding debts and failed to disclose said purpose. 15 U.S.C. §§ 1692d(6); § 1692e(10); § 1692e(11). On September 18, 2006, this Court granted in part and denied in part Plaintiff's Motion for Summary Judgment. (See Sept. 18, 2006 Order at 22.) The Court also denied Plaintiff's Motion for Class Certification because the record did not establish the numerosity requirement for a class pursuant to Rule 23 of the Federal Rules of Civil Procedure. (Id. at 24.)

     Pursuant to Rule 6.3 of the Local Rules of the Southern

1

District of New York, Plaintiff moved, inter alia, to reconsider the Court's denial of his Class Certification Motion and for permission to move for attorney's fees. (See Sept. 28, 2008 Motion, generally.) Subsequently, the case was re-opened so that reasonable attorney's fees and costs could be ascertained. (See April 19, 2008 Order, at 5.)

Following submissions by both parties, this Court referred Plaintiff's motion for attorney's fees to Magistrate Judge Ellis (See July 20, 2007 Order.) On March 19, 2008, Magistrate Judge Ellis issued an opinion setting forth calculations, supporting reasoning and awarding Plaintiff's attorney's fees in the amount of $12,735 and costs in the amount of $302.30.[1] (See March 19, 2008 Report at 8.) For the reasons stated herein, the March 19, 2008 Opinion and Order of United States Magistrate Judge Ellis, which is deemed to be a Report and Recommendation ("Report"), recommending that Plaintiff be awarded $12,735 in attorneys' fees and $302.50 in costs is APPROVED, ADOPTED, and RATIFIED by the

---

[1] Judge Ellis, on page one of his opinion, states "[f]or the reasons below, Plaintiff counsel is awarded $13,320 in attorneys' fees and $302.30 in costs." (March 19, 2008 Report at 1.) This Court assumes this was a typographical error in which Judge Ellis added the costs to the fees to arrive at $13,320. This court further assumes that the intended value is $12,735 in attorney's fees and $302.50 in costs, as indicated by Judge Ellis on page eight of his report. (Id. at 8) (stating, "Plaintiff's counsel should be awarded attorneys' fees of $12,735 and $302.50 in costs"). Therefore the proper total amount would be $13,037.50.

2

Court in its entirety. (See March 19, 2008 Report at 8.)

DISCUSSION

The opinion issued by Magistrate Judge Ellis on March 19, 2008 is to be treated as a Report and Recommendation. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 54(d)(2)(D) (stating that the court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter.").[2] Accordingly, "district courts should treat motions for attorneys' fees as 'dispositive pre-trial matters' for purposes of reviewing objections to a magistrate judge's decision." Choudhury v. Barnhart, No. 04 Civ. 0142 (RJH/AJP), 2005 WL 2592048, at *1 (S.D.N.Y. Oct. 11, 2005).[3]

Therefore, this matter is before the Court upon the March

---

[2] Although the Court checked the box referring the matter for a "Specific Non-Dispositive Motion/Dispute" it plainly should have checked the box "Dispositive Motion."

[3] Plaintiff's argument that the "Order must be vacated, and this Court must issue its own ruling upon the motion that led to the Order" is without merit. Plaintiff has failed to identify any flaw in Judge Ellis's reasoning or calculations - he merely notes the improper form of the Order. The Court has addressed any jurisdictional infirmities by specifically adopting the findings of Judge Ellis's opinion. Plaintiff does not, indeed cannot, challenge this Court's jurisdiction to enter an award of fees in any amount it deems proper. Further, even if Plaintiff were correct, and vacatur were the proper remedy, the result would be the same where, as here, Judge Ellis's reasoning was entirely correct.

3

19, 2008 Opinion and Order of United States Magistrate Judge Ellis which is deemed to be a Report and Recommendation. Judge Ellis recommends that Plaintiff be awarded $12,735 in attorneys' fees and $302.50 in costs. (See March 19, 2008 Report at 8.)

Plaintiff's submissions address only the form of Judge Ellis's Order and not the substance of his findings. In fact, Plaintiff specifically notes that he "is not objecting to any particulars of Magistrate Judge Ellis's Order". (Pl's Mem. of Law, Attorney Fees, at n. 1.) Therefore, he has failed to make any objections as contemplated by Fed. R. Civ. Pro. 72(b)(2) which states that, "[w]ithin ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations." Accord 28 U.S.C. § 636(b)(1)(C). Nor has Plaintiff given this Court any reason to depart from Judge Ellis's findings. Rather, after the ten day period expired, Plaintiff solely challenged the jurisdictional basis for the opinion. (See Id. at 24.)

Because the Court has received no objections to the substance of Magistrate Judge's opinion, it will be reviewed for clear error. See 28 U.S.C. § 636(b)(1)(B). Judge Ellis determined that, "some time entries made by Plaintiff's counsel are excessive, vague and seemingly unnecessary." (March 19, 2008 Report at 4.) Judge Ellis also noted that Plaintiff's counsel

4

"admits he was a novice in litigating FDCPA matters leading to an expenditure of more time than necessary on aspects of the case." (Id. at 5.) Therefore, Judge Ellis found that a deduction of 40% should be applied to the claimed hours. (Id.) Plaintiff, himself, deducted 14.1 hours spent working on the unsuccessful class certification motion because, he felt, his work on that claim was "inadequate." (Id.) Therefore, Judge Ellis determined the appropriate award is $12,735 for attorney's fees. (Id.) Judge Ellis also found the costs requested by Plaintiff's, $302.50, to be reasonable and recommended they be awarded. (Id. at 7.) Granting, as Plaintiff argues, that "an ultimately successful plaintiff in a case in which there is a prevailing-party fee-shifting provision, is entitled to be compensated for all reasonably taken measures along the path to victory", the Court finds Judge Ellis's recommended award to be proper. (Pl. Rep. Brief, Attnys Fees, at 2.)

## CONCLUSION

Having reviewed the Report and Recommendation, and finding no clear error on the face of the record, see 28 U.S.C. § 636(b)(1)(B), it is hereby

ORDERED AND ADJUDGED as follows:

5

1. The Report and Recommendation of United States Magistrate Judge Ellis, dated March 19, 2008, be and the same hereby is APPROVED, ADOPTED, and RATIFIED by the Court in its entirety;

2. Defendant shall pay damages to Plaintiffs in the amount of $13,037.50.

3. Upon entry of judgment in the amount stated in the preceding paragraph, the Clerk of Court is directed to CLOSE the docket for this case.

SO ORDERED.

Dated:   New York, New York

         June 3          , 2008

                                             _____
                                             DEBORAH A. BATTS
                                             United States District Judge